# EXHIBIT B

## RESIDENT AND FACILITY ARBITRATION AGREEMENT

*Lula M. Long* ~~Manhattan Nursing and Rehabilitation, LLC~~ and  Manhattan Nursing and Rehabilitation, LLC
(Insert Resident's Name)    (Insert Facility Name)

1. **BY SIGNING THIS ARBITRATION AGREEMENT ("AGREEMENT"), THE RESIDENT AND THE FACILITY UNDERSTAND THAT THEY ARE WAIVING THE RIGHT TO A JURY TRIAL FOR ANY DISPUTE, AND THAT THE DECISION OF THE ARBITRATOR(S) BINDS BOTH PARTIES, IS FINAL AND NONAPPEALABLE. THIS AGREEMENT MUST BE SIGNED IN ORDER FOR THE RESIDENT TO RECEIVE SERVICES AT THE FACILITY.**

2. <u>**Those Signing this Contract**</u>. A person signing who routinely makes decisions for the Resident, if not the Power of Attorney or Guardian/Conservator, will be considered a health care surrogate/proxy and/or Legal Representative. The parties agree that the signing of this Agreement, both by itself and in conjunction with the corresponding admission and receipt of services, is a health care decision. This executed Agreement becomes a part of the Resident's underlying Admission Agreement(s). The term "Resident" shall refer collectively to those signing with or for the Resident. The Resident will be considered to be a third party beneficiary of this Agreement and is intended to benefit directly from the execution of this Agreement in conjunction with the corresponding admission(s) and receipt of services. The term "Facility" includes any owner, manager, employee, person, entity acting on behalf of the nursing home, consultant and administrative services provider. The Resident also understands that he/she can seek legal counsel prior to entering into this contract and is encouraged to ask questions. **IF YOU DO NOT WISH TO SIGN THIS AGREEMENT, WE WILL ASSIST YOU IN FINDING PLACEMENT AT A DIFFERENT FACILITY.**

3. <u>**Agreement to Submit Disputes to Binding Arbitration**</u>. Any and all disputes between the Resident and the Facility shall be submitted to binding arbitration where the amount in controversy exceeds $25,000. This includes any disputes arising out of or in any way relating to this Agreement (its enforceability), the Admission Agreement, or any of the Resident's stays at the Facility, whether existing or arising in the future, whether for statutory, compensatory or punitive damages, and irrespective of the legal theories upon which the claim is asserted. The parties agree that each may bring claims against the other pursuant to the terms of this Agreement, but that neither party to this Agreement shall be entitled to join or otherwise consolidate claims by or against the other; and neither party shall be entitled to prosecute any claim as a representative or member of a class in any class action proceeding. In the event that a trial court does not enforce this Agreement, the parties agree to stay all proceedings in the lower court until the merits of any appeal are determined by the appellate court. The Arbitrator shall apply the law of the state where the Facility is located except that the parties expressly stipulate that the Federal Arbitration Act, 9 U.S.C. §§ 1-16 shall exclusively govern the enforcement of this Agreement. If any provision of this Agreement is held to be unenforceable by reason

22    **EXHIBIT A**

of law, the provision will be modified to reflect the parties' intention to arbitrate their claims, and all remaining provisions shall remain in full force and effect. If a court determines that the signators to this Agreement are not bound to arbitrate their claims, the parties agree that any dispute shall be resolved solely by a judge in a bench trial.

4.  **Demand for Arbitration and Selection of Arbitrator(s).** The party wishing to sue ("Claimant") shall initiate arbitration by serving via certified mail, return receipt requested on all other parties being sued ("Respondent") a written demand ("Demand") specifying the matter to be submitted to arbitration and nominating an Arbitrator who is a member in good standing of a nationally recognized Arbitration Association. After service of the Demand, the parties agree to work together in good faith to choose one neutral, experienced and disinterested arbitrator. Within twenty (20) days after receipt of such written demand and notification, if the parties cannot agree on one arbitrator, the Respondent may nominate a different person who is a member in good standing of a nationally recognized arbitration association, and the two (2) Arbitrators shall, within ten (10) days, select a third Arbitrator who is a member in good standing of a nationally recognized arbitration association. The parties may agree to use only the third arbitrator selected if they wish. It is the Claimant's duty to demand arbitration and if any party overlooks this Agreement and participates in litigating in the court system, such party will not be deemed to have waived the right to compel arbitration as long as the motion to compel arbitration is served before the first day of trial.

5.  **Arbitration Procedure.** The arbitration shall be conducted in the city in which the Facility is located unless the parties agree otherwise in writing. The parties may appear, present testimony and make other examinations as justice shall require and as the Arbitrator(s) shall deem necessary. The arbitration proceedings shall be governed by the Rules of Civil Procedure and the Rules of Evidence of the state where the Facility is located. It is the intent of the parties for this Arbitration process to be efficient and completed as quickly and inexpensively as possible while still preserving the parties' rights to a fair hearing. It is the parties' intent that the Arbitrator limit discovery to only issues related directly to the Resident in question and that written discovery and depositions be limited to only the information necessary for a fair hearing. Additionally, it is the parties' intent that the claim be completely resolved within 180 days after the Demand and that the Arbitrator(s) accomplish this as long as both parties can still obtain a fair hearing. The Arbitrator shall issue a written decision within 10 days of the conclusion of the hearing. All discovery, proceedings, and the final award shall remain confidential and no discovery in the case shall ever be used outside the case unless the parties agree otherwise in writing. The written decision of the Arbitrator(s) shall include detailed findings of fact and conclusions of law, be marked "confidential," shall be signed by each and every arbitrator presiding over the arbitration hearing, shall be unanimous, final and binding and may be enforced in any court of competent jurisdiction. The expenses of the arbitration shall be divided between the parties equally unless otherwise specified in the decision of the Arbitrator(s). It is the intention of the parties that this Agreement shall inure to the benefit of and bind the Facility, its affiliated entities, representatives, medical directors, employees, successors, assigns, and agents, and shall inure to the benefit of and bind the Resident, his/her successors, assigns, agents, attorneys, third party beneficiaries, insurers, heirs, trustees and representatives, including

the personal representative or executor of the estate, the spouse, children, grandchildren, all decedents and next friends, and any person whose claim is derived through the Resident. This Agreement may be revoked within thirty (30) days after signing it by written notice sent certified mail, return receipt requested to the Facility's Administrator.

If alleged acts underlying the dispute occur before the cancellation date, this Agreement shall be binding with respect to those alleged acts. If not cancelled within 30 days, this Agreement shall be binding on the Resident for this and all other admissions to the Facility without any need for further renewal. If the Resident cancels this Agreement, he or she will be allowed to receive services at the Facility pursuant to the terms and conditions of the underlying Admission Agreement.

6.  RESIDENT HAS READ THIS ARBITRATION AGREEMENT, OR HAD IT READ TO HIM/HER, AND HAS RECEIVED A COPY OF IT. RESIDENT UNDERSTANDS THAT BY SIGNING BELOW HE/SHE IS CONFIRMING THAT HE/SHE UNDERSTANDS THIS AGREEMENT AND AGREES TO IT, INCLUDING THE WAIVER OF A JURY TRIAL.

_Lula mae Long_  
Signature or Mark of Resident  
Lula Mae Long   (7/5/18)  
Printed Name & Date  

_Sylv Long_  
Signature of Family Member or other Representative  
Sylvia Long   6/27/18  
Printed Name & Date  

Signature of Family Member or other Representative  

Printed Name & Date  

_Joe H. Watts_  
Signature of Family Member or other Representative  
Joe H. Watts   6/27/18  
Printed Name & Date  

Signature of Family Member or other Representative  

Printed Name & Date  

_Terry Moore_  
Signature of Facility Representative  
Terry A. Moore   6/27/18  
Printed Name & Date  

24