```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION


LULA MAE LONG                                          PLAINTIFF

VS.                      CIVIL ACTION NO. 3:21-cv-00090-TSL-RPM

MANHATTAN NURSING AND
REHABILITATION CENTER, INC.,
and JOHN DOES 1-20                                    DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Manhattan Nursing and Rehabilitation Center, LLC (Manhattan)[1] to compel arbitration and stay proceedings. Despite requesting and receiving two extensions of time to file a response, plaintiff Lula Mae Long has not responded to the motion. The court, having considered the memorandum of authorities, together with attachments, submitted by Manhattan, concludes the motion is well-taken and should be granted.

In June 2018, plaintiff was admitted to Manhattan for rehabilitation following the amputation of her right leg. She has brought this action asserting claims for breach of contract, tortious breach of contract, breach of the duty of good faith

---

[1] Defendant states that it is a limited liability corporation and has been incorrectly named in the complaint as Manhattan Nursing and Rehabilitation Center, Inc.

and fair dealing, negligence, gross negligence and negligence per se, all based on allegations that due to the negligence of Manhattan in failing to provide her with reasonable and adequate care and treatment, she developed a decubitus ulcer on her left leg, which was allowed to progress to a stage 4 level and became gangrenous, resulting in amputation of the leg.[2]

At the time of her admission to Manhattan, plaintiff executed an Arbitration Agreement, which provides:

> Any and all disputes between the Resident and the Facility shall be submitted to binding arbitration where the amount in controversy exceeds $25,000. This includes any disputes arising out of or in any way relating to this Agreement (its enforceability), the Admission Agreement, or any of the Resident's stays at the Facility, whether existing or arising in the future, whether for statutory, compensatory or punitive damages, and irrespective of the legal theories upon which the claim is asserted.

Section 2 of the Federal Arbitration Act (FAA) provides that written arbitration agreements are generally "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. See Robertson v. Intratek Computer, Inc., 976 F.3d 575, 579 (5th Cir. 2020) (quoting § 2). When considering a motion to

---

[2] This action was filed in state court and removed by defendant pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

compel arbitration pursuant to the FAA, courts employ a two-step analysis. "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'" Tittle v. Enron Corp., 463 F.3d 410, 418 (5th Cir. 2006) (quoting Webb v. Investacorp., Inc., 89 F.3d 252, 258 (5th Cir. 1996)). "Second, a court must determine 'whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims.'" Fleetwood Enters., Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir. 2002) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 628 (1985)).

The question whether the parties agreed to arbitrate the dispute requires two inquiries: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." Tittle, 463 F.3d at 418—19 (quoting Webb, 89 F.3d at 258). To determine if a valid and enforceable contract exists, courts apply ordinary state law principles that govern the formation of contracts. Washington Mut. Finance Group, LLC v. Bailey, 364 F.3d 260, 263-64 (5th Cir. 2004).

In the case at bar, plaintiff has not challenged the validity or enforceability of the agreement, and there is no apparent basis for doing so. The agreement is signed by

3

plaintiff, as well as her son, Joe Watts, and daughter, Sylvia Long, and a representative of Manhattan. Further, plaintiff's causes of action herein plainly fall within the scope of the agreement. And finally, plaintiff does not assert, and the court is not aware of any "legal constraints" to enforcement of the agreement.

It is, therefore, ordered that the motion of Manhattan to compel arbitration is granted, and plaintiff is thus ordered and compelled to arbitrate all her claims against Manhattan in accordance with the parties' arbitration agreement. It is further ordered, pursuant to 9 U.S.C. § 3, that this case is stayed pending the conclusion of arbitration proceedings. See 9 U.S.C. § 3 (providing in relevant part that "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration ..., shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ...").

SO ORDERED this 6th day of April, 2021.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE